UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL GRAYER,

    Plaintiff,

    v.

THE HEALTH AND HOSPITAL
CORPORATION OF MARION
COUNTY, et al.,

    Defendants.

Case No. 3:25-CV-758-CCB-JEM

## <u>OPINION AND ORDER</u>

On April 29, 2026, Magistrate Judge Zanzi entered a report and recommendation

to grant (in part) Defendants' Motion to Dismiss as to Count I. On May 14, Plaintiff

objected to the Report and Recommendation under 28 U.S.C. § 636(b)(1). The Court now

rules on the matter.

### ANALYSIS

Plaintiff Michael Grayer is proceeding as administrator of the estate of Decedent

Tonya Grayer. The Defendants in this case are The Health and Hospital Corporation of

Marion County and American Senior Communities LLC. Plaintiff's Count I alleges

violations of the Federal Nursing Home Reform Act (FNHRA) under 42 U.S.C. § 1983

against Defendant The Health and Hospital Corporation of Marion County. Count II

alleges wrongful death against both Defendants.

In his Report and Recommendation, Judge Zanzi explained that dismissal of

Count I was appropriate because Plaintiff did not properly file those claims within the

two-year statute of limitations period. (ECF 30 at 5). Section 1983 uses the limitations period for the state in which the violation took place, which means that Indiana's two-year limitations period applied here. *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 699-700 (7th Cir. 2005); Ind. Code § 34-11-2-4(a). It is undisputed that Decedent was transferred from Defendant's hospital on September 6, 2023. (ECF 30 at 2). Judge Zanzi decided this was the latest date at which the limitations period could have begun, because it is undisputed that it was the last day on which Decedent had any interactions with Defendant. (*Id.* at 6). Under Indiana law, an estate is only competent to file suit through an appointed personal representative. *See Fossett v. Health & Hosp. Corp. of Marion Cnty.*, No. 3:25CV481 DRL-JEM, 2025 WL 2985681, at *3 (N.D. Ind. Oct. 22, 2025). And here, it is undisputed that Plaintiff was not appointed as personal representative of Decedent's estate until September 11, 2025. (ECF 30 at 4). Thus, Decedent's estate could not have properly brought the claim within the two-year limitations period.

Plaintiff objects, arguing that the proper accrual date for purposes of the limitations period extended until at least September 11, 2023, because Decedent "continued to accrue pain and suffering, hospital and medical expenses" during that time. (ECF 31 at 2). But that objection misunderstands how the accrual date for injuries works. As Defendants correctly note, "Normally a federal claim accrues when injury begins (or is discovered), not when it ends." *Heard v. Elyea*, 525 F. App'x 510, 511 (7th Cir. 2013) (citing *United States v. Kurbick*, 444 U.S. 111 (1979)). And specifically in the § 1983 context, a claim accrues "when the plaintiff 'knows his injury and its cause . . . even if the full extent or severity of the injury is not yet known.'" *Walker v. Baynton*, No.

25-1056, 2025 WL 3140492, at *2 (7th Cir. Nov. 10, 2025) (quoting *Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013)). Thus, the accrual date is not when Decedent's suffering ended, but when it began. *See id.* Judge Zanzi was correct to reason that Count I was barred by the two-year statute of limitations.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Zanzi's Report and Recommendation in its entirety. (ECF 30). Defendants' motion to dismiss is **GRANTED** (in part) as to Count I, with prejudice.[1] (ECF 19). Plaintiff is **ORDERED** to file an amended complaint that includes only the claims in Count II of the instant complaint, made only on behalf of Decedent's estate and not in an individual capacity.[2]

SO ORDERED on June 17, 2026.

　　　　　　　　　　　　　　　　　　　/s/ *Cristal C. Brisco*
　　　　　　　　　　　　　　　　　　　CRISTAL C. BRISCO, JUDGE
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

---

[1] Plaintiff has requested leave to amend the complaint as to avoid dismissal on Count I. (ECF 31 at 3). But Plaintiff has not identified any additional possible facts or allegations that would change the reasons for dismissal on Count I. Thus, amendment is futile. *See Walker v. BP Prods. N. Am. Inc.*, No. 2:16 CV 367, 2018 WL 2112236, at *3 (N.D. Ind. May 8, 2018) ("Plaintiffs' proposed third amended complaint does not offer any new allegation that would change this court's original analysis, and therefore the proposed amendment would be futile").

[2] No party has objected to the Magistrate Judge's finding that Mr. Grayer states no claims that can be brought in his personal capacity. (ECF 30 at 3–4).

3